Case 4:21-cv-02732   Document 37   Filed on 07/10/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Plaintiff*, | § § § § | |
| v. | § | CIVIL ACTION NO.: 4:21cv2732 |
| CHAIRTIE ADDISON AND MARYLENE EVANS-HARRIS, *Defendants*. | § § § § § | |

## MEMORANDUM AND RECOMMENDATION

The Prudential Insurance Company of America filed this interpleader action on August 20, 2021 and deposited $100,000 in death benefit insurance proceeds into the registry of the Court. ECF 1. Prudential was dismissed on April 22, 2022 and the action proceeded on the competing claims to the proceeds of Defendants/Claimants Marylene Evans-Harris and Chairtie Addison. ECF 15. Shortly thereafter, Claimant Chairtie Addison began seeking continuances of scheduling order deadlines due to the poor health of her counsel, Michael A. Johnson. *See, e.g.,* ECF 19; ECF 21. On January 3, 2024, Claimant Marylene Evans-Harris, with leave of Court, filed a Motion for Judgment on the Pleadings. ECF 27 (now docketed as ECF 36); ECF 28. Addison's response was due on January 24, 2024. ECF 28. The Court granted Addison three motions for extension of time to file a response before

setting a status conference "to establish a schedule for moving the case forward in light of counsel for Addison's serious health issues." ECF 29; ECF 31; ECF 33; ECF 34.

On May 20, 2024, the Court conducted a duly-noticed telephone status conference. *See* May 20, 2024 Docket Minute Entry. At the status conference, Johnson represented that he had discussed the matter with co-counsel who had agreed to step in and handle the case going forward. Therefore, the Court ordered counsel for Addison to file a notice of appearance on the record and extended the deadline for Addison's Response to Marylene Evans-Harris's Motion for Judgment on the Pleadings to June 28, 2024. ECF 35. The Court further ordered "that because this case was filed almost three years ago and the Court has granted multiple continuances, the Court will not entertain further requests for continuance." *Id.*

No counsel has filed a Notice of Appearance and neither counsel nor Addision filed a timely Response to the Motion for Judgment. Therefore, the Motion for Judgment on the Pleadings is ripe for determination. Having considered the Motion and the law, the Court recommends that the Motion be granted and Addison's claim to the funds held in the registry of the Court be dismissed.

I.   **Background**

The facts in this section are alleged in Prudential's Complaint (ECF 1) and Evans-Harris's Motion (ECF 36) and are undisputed. Billy J. Harris was insured

under Veteran's Group Life Insurance Policy number G-32000 issued by Prudential (Policy") with a $100,000 death benefit. Harris died on February 21, 2021. Marylene Evans-Harris is the ex-spouse of Billy J. Harris. In 2017, Prudential received a Beneficiary Designation/Change Form naming Evans-Harris as the primary beneficiary under the Policy. After Harris's death, Evans-Harris asserted a claim for the $100,000 insurance proceeds. Chairtie Addison, Billy J. Harris's sister, was the primary beneficiary under the Policy prior to August 2, 2017. Addison submitted a competing claim to the insurance proceeds alleging that Evans-Harris fraudulently filed a beneficiary designation change form on behalf of the insured, Harris, while he was in jail. Prudential interpleaded the funds into the registry of the court because it could not determine the proper beneficiary given Addison's fraud allegation.

## II.  Rule 12(c) Standards

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. Pro. 12(c). Rule 12(c) provides a mechanism for resolving cases in which the material facts are not in dispute and the court can render a judgment by looking only at the pleadings and judicially noticed facts. *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020). The standard for dismissal under Rule 12(c) is the same as the standard under Rule 12(b)(6). *Id.*

Therefore, to survive a motion to dismiss under Rule 12(c), a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

It is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response. *Garza v. Formosa Plastics Corp.*, No. CIV.A. V-10-54, 2011 WL 121562, at *2 (S.D. Tex. Jan. 11, 2011); *Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (W.D. Tex. Dec. 19, 2017). However, when a plaintiff has presented no facts that plausibly state a claim for relief and has not requested leave to amend the Court may conclude that dismissal is appropriate and amendment would be futile. *See Lyons v. Starbucks Coffee Co., N*o. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *4 (N.D. Tex. Aug. 24,

2020), report and recommendation adopted, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) ("when a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case."); *Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018).

### III.   Analysis

Evans-Harris argues that Addison has not adequately alleged fraud as required by Federal Rule of Civil Procedure 9(b), and that her Answer, accepted as true, does not state a claim that invalidates Evans-Harris's claim to the insurance proceeds.

Rule 9(b) of the Federal Rules of Civil Procedure requires a pleading alleging fraud to lay out "the who, what, when, and where" of the alleged fraud. *PCS Software, Inc. v. Dispatch Servs., Inc.*, No. CV H-23-108, 2024 WL 1996126, at *3 (S.D. Tex. May 6, 2024) (stating that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." (citations omitted)).  Courts enforce Rule 9(b) "without apology." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

Prudential stated in its Complaint that Addison filed a claim for the insurance

proceeds through her counsel asserting that the 2017 Beneficiary Designation/Change Form was fraudulent. ECF 1 ¶ 16. However, Prudential's Complaint makes no factual allegations regarding Addison's claim, and does not lay out the "who, what, when, where, and how" of the alleged fraud. Addison's Answer provides no more details about Addison's fraud allegation. In fact, while Addison in her Answer admits the factual allegations of Prudential's Complaint, it does not even contain the word "fraud." *See* ECF 13. Addison did not file a Response to the Motion for Judgment, and thus the record is entirely void of any facts that support a claim that the 2017 Beneficiary Designation/Change Form received by Prudential is fraudulent.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Evan-Harris's Motion for Judgment on the Pleadings (ECF 36) be GRANTED and Final Judgment be entered in this case awarding the insurance proceeds deposited in the registry of the Court be released to Evans-Harris.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 10, 2024, at Houston, Texas.

                                              Christina A. Bryan
                                     United States Magistrate Judge